IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01280-BNB

J. LEE HOLMES,

     Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, J. Lee Holmes, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Holmes initiated this action by filing *pro se* a "Motion for a 60 Day Extension of Time to File Habeas Corpus" (ECF No. 1).  On May 7, 2014, Magistrate Judge Boyd N. Boland entered an order denying the motion and directing Mr. Holmes to cure certain deficiencies if he wishes to pursue any habeas corpus claims.  In particular, Magistrate Judge Boland directed Mr. Holmes to submit on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and either to pay the $5.00 filing fee or to submit on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action along with a certificate showing the balance in his inmate account.  Mr. Holmes was warned that the action would be dismissed without further notice if he failed to cure these deficiencies within thirty days.  On May 22, 2014, Mr. Holmes filed in this action a "Notice to the Court & Affidavit of Truth and Fact" (ECF No. 4) in which he alleged he

had been unable to obtain from prison officials a certificate showing the balance in his inmate account.

On June 10, 2014, Magistrate Judge Boland entered a second order directing Mr. Holmes to cure the deficiencies in this action within thirty days.  Magistrate Judge Boland advised Mr. Holmes that, even if he was unable to obtain a certificate showing the balance in his inmate account from prison officials, he still must cure the other deficiencies by filing on the proper forms an application for a writ of habeas corpus and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Boland also advised Mr. Holmes that he must allege specific facts detailing the steps he has taken to obtain the required certificate and why he is unable to obtain the required certificate.  Mr. Holmes again was warned that the action would be dismissed if he failed to cure the deficiencies within the time allowed.

Mr. Holmes has failed to cure the deficiencies in this action and he has failed to respond in any way to Magistrate Judge Boland's second order directing him to cure the deficiencies that was entered on June 10, 2014.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

2

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Holmes failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __21st__ day of ____July_____, 2014.

BY THE COURT:


__ s/Christine M. Arguello_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court

3